IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | No. 3:15-cr-00191-K-2 |
| § | |
| KAMRON ROBINSON, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kamron Robinson's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), or, in the alternative, a transfer to home confinement. Dkt. No. 267.

For the reasons explained below, Robinson's motion for a sentence reduction or to be transferred to home confinement is **DENIED**.

### I.   BACKGROUND

Robinson pleaded guilty to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) and using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. Dkt. No. 169. The Court sentenced him to 60 months on count one and 84 months on count two, to run consecutively. *Id.* His projected release date is October 28, 2025. Inmate Locator (bop.gov)(search for defendant) (last visited September 28, 2023).

He subsequently filed the instant motion for a sentence reduction. He argues that sentence reduction is warranted because, pursuant to *United States v. Taylor*, 142 S. Ct. 2015 (2022), he would not have received a Section 924(c) conviction were he sentenced today; because he, after being mistakenly "released back into society," notified authorities that he still had to serve time on his federal sentence and turned himself in; and because he has been rehabilitated. *See* Dkt. No. 267 at 1-2, 6-7.

## II.   LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c).

Under § 3582(c)(1)(A) as amended by the First Step Act (the FSA), however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.

Congress failed to define "extraordinary and compelling reasons" in this context, leaving "that task to the Sentencing Commission, though Congress did insist that '[r]ehabilitation of the [prisoner] alone' cannot justify a reduced sentence." *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022) (quoting 28 U.S.C. § 994(t)); citing *United States v. Shkambi*, 993 F.3d 388, 390-91 (5th Cir. 2021)).

2

And the United States Court of Appeals for the Fifth Circuit recently clarified "that a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence," holding that, "[b]ecause [the federal prisoner's] claims would have been cognizable under [28 U.S.C.] § 2255, they are not cognizable under § 3582(c)." *United States v. Escajeda*, 58 F.4th 184, 187-88 (5th Cir. 2023).

A reduction under § 3582(c) also "must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Jackson*, 27 F.4th at 1089 (quoting § 3582(c)(1)(A)). And through its commentary to U.S.S.G. § 1B1.13, the Sentencing Commission "'articulate[s] four categories of 'extraordinary and compelling reasons' that could warrant a sentence reduction: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons' identified by the Bureau [of Prisons] Director." *Id.* at 1090 (quoting *Shkambi,* 993 F.3d at 391 (citing, in turn, U.S.S.G. § 1B1.13 cmt. n.1)).

"[T]he Commission apparently did not anticipate that Congress would allow prisoners to file compassionate-release motions," however, as § 1B1.13 "repeatedly states that it governs *the Bureau's* compassionate release motions." *Id.* (citing *Shkambi*, 993 F.3d at 392). Consequently, "§ 1B1.13 is not an 'applicable policy statement' to compassionate release motions filed by prisoners, [so] 'neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.'" *United States v. Cooper*, 996 F.3d 282, 288 (5th Cir. 2021) (quoting *Shkambi*, 993 F.3d at 392-93); *see also United States v. Rodriguez*, 27 F.4th 1097, 1099-1100 (5th

3

Cir. 2022) ("There is little developed guidance on what constitutes extraordinary and compelling reasons for a sentence reduction because neither § 3582 nor the Guidelines fully define or limit those reasons." (citing *Shkambi*, 993 F.3d at 391-92)).

"Even so, Section 1B1.13 may 'inform [ ]' the district court's analysis." *Jackson*, 27 F.4th at 1090 (quoting *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing, in turn, *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam))); *see also United States v. Rucker*, No. 21-40204, 2021 WL 5627064, at *1 (5th Cir. Nov. 30, 2021) (per curiam) ("Reliance on § 1B1.13 merely as guidance [is] not error." (citing *Thompson*, 984 F.3d at 433)).

And, if a defendant does proffer a reason for a reduction that the Court—no longer bound by § 1B1.3—finds to be extraordinary and compelling, that alone is not a basis to reduce a sentence. The defendant still must convince the Court "to exercise discretion to grant the motion for compassionate release after considering the Section 3553(a) factors." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (cleaned up; quoting *Shkambi*, 993 F.3d at 392). *Cf. Thompson*, 984 F.3d at 433 & n.2 (affirming denial of compassionate release motion just on the district court's determination that no extraordinary and compelling reasons warranted release).

### III. DISCUSSION

Before a defendant may bring his own motion, the FSA, "in clear language, specifies" that "a defendant must submit a request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir.

4

2020) (quoting § 3582(c)(1)(A)). This "prefiling administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Harmon*, 834 F. App'x 101, 101-02 (5th Cir. 2021) (per curiam) (citing *Franco*, 973 F.3d at 467-68). So, if "the Government properly raise[s] the rule requiring exhaustion in the district court, 'the court *must* enforce the rule.'" *Id.* at 102 (quoting *Franco*, 973 F.3d at 468; emphasis by *Franco*). Here, the Government has not been ordered to respond to Robinson's motion and thus did not raise the rule. Therefore, the Court will consider the merits of Robinson's motion.

### A.   *Taylor* is Inapplicable.

Pointing to the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), the Court understands Robinson to argue that his sentence would be less were he sentenced today because he would not have received a 924(c) conviction and sentence.

The Court cannot agree. In *Taylor*, the Supreme Court held that *attempted* Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c)(3)(A). And because the Court previously held, in *United States v. Davis*, 588 U.S. ---, 139 S. Ct. 2319 (2019), that the residual clause of § 924(c)(3)(B) was unconstitutionally vague, a Section 924(c) conviction for attempted Hobbs Act

5

robbery could not stand because there was no underlying crime of violence to pin it on. *See Taylor*, 142 S. Ct. at 2020-21.

But Robinson was not convicted of attempted Hobbs Act robbery. Instead, his firearm conviction was based on a substantive Hobbs Act robbery as confirmed in the presentence report (PSR), Count One of the Second Superseding Indictment, and the Judgment. Dkt. No. 53 at 1; Dkt. No. 148-1 at ¶ 41; Dkt. No. 169 ("The defendant committed the offense of Interference with Commerce by Robbery and Aiding and Abetting, in violation of 18 U.S.C. §§ 1951(a) & 2. On January 2, the defendant and Wright unlawfully stole merchandise from an authorized AT&T retailer in Ennis, Texas, by means of actual and threatened force, violence, and fear of immediate injury to victims J.N., A.P., and L.R., by brandishing a firearm.")

Indeed, binding Fifth Circuit precedent forecloses Robinson's argument. The Court of Appeals recently restated that "Hobbs Act robbery is a crime of violence under the elements clause." *United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023). In short, *Taylor* has no application to Robinson's substantive Hobbs Act robbery conviction. Robinson would still have received the Section 924(c) sentence today.

And, similarly, to the extent that Robinson is actually attempting to challenge the legality of his sentence in light of *Taylor*, such a claim can only be pursued on direct appeal or through a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *See Escajeda*, 58 F.4th at 187 (holding that claims that would have been cognizable under § 2255 are not cognizable under § 3582(c)).

Robinson's argument for sentence reduction based upon *Taylor* has no merit.

### B. Robinson's Rehabilitation and "Assistance" to Law Enforcement Are Not Extraordinary and Compelling Reasons for a Sentence Reduction.

Next, Robinson claims that the Ellis County Detention Center mistakenly released him, but he informed staff members that he was not supposed to be released because he had an unfinished sentence with the BOP. He claims that this "honorable and noble act" shows his personal growth and can be viewed as assistance to law enforcement and an extraordinary and compelling reason for a sentence reduction. Dkt. No. 267 at 4-5. Robinson also points to his completion of programs in prison showing his rehabilitation. Dkt. No. 267 at 7.

But, to the extent that Robinson alerting authorities that he was not supposed to be released could be considered assistance (or even substantial assistance) to law enforcement, this alone is not an extraordinary and compelling reason for a sentence reduction. *See United States v. Claude*, 504 F.Supp.3d 460, 464 (E.D. Pa. 2020) ("Although courts may consider a defendant's substantial assistance insofar as it is a relevant factor in each step of the compassionate release framework, substantial assistance is not itself an extraordinary and compelling reason warranting compassionate release under § 3582(c)(1)(A)(i).") (citing *United States v. Nunez*, 483 F.Supp.3d 280, 286-87 (E.D. Pa. 2020); *United States v. Scarpa*, No. 94-cr-111901, 2020 WL 6591455, at *1 (E.D.N.Y. Nov. 11, 2020); *United States v. Glover*, No. 11-cr-290, 2020 WL 5712397, at *3 (E.D. La. Sept. 24, 2020)). As explained in this opinion,

because Robinson has not demonstrated a separate extraordinary and compelling circumstance, his assistance to law enforcement alone does not warrant a sentence reduction.

The same is true of Robinson's personal growth and rehabilitation—including his action in alerting authorities that he was not supposed to be released. While laudable, rehabilitation and personal growth are not, by themselves, extraordinary and compelling reasons for compassionate release. *See, e.g.*, *United States v. Stevenson*, Criminal Action No. 03-309, 2022 WL 16758296, at *3 (E.D. La. Nov. 8, 2022) ("The Court commends Stevenson's personal growth and acknowledgement of past mistakes. After his release, Stevenson may well demonstrate that he is, in fact, a changed man. However, rehabilitation alone does not constitute an extraordinary and compelling reason for compassionate release under the First Step Act.") (citing *Shkambi*, 993 F.3d at 391) (quoting 28 U.S.C. § 994(t)).

And, because, as explained in this opinion, Robinson has not demonstrated another extraordinary and compelling circumstance for release, his rehabilitation alone is insufficient to warrant a sentence reduction.

### C. The Sentencing Factors do not Favor a Sentence Reduction.

Even if Robinson could show an extraordinary and compelling reason for a sentence reduction, the sentencing factors do not favor it. *See Chambliss*, 948 F.3d at 693 ("compassionate release is discretionary, not mandatory, and [can] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)").

8

Robinson and a codefendant, brandishing firearms, robbed an AT&T store. Dkt. No. 148-1 at ¶ 5. They held three employees at gunpoint and forced them into a back room where the safe was. *Id.* at ¶ 11. One employee was forced, at gunpoint, to open a safe. *Id.* Robinson at one point instructed his codefendant to shoot an employee if the employee did not follow directions. *Id.* at ¶ 12. Following the robbery, Robinson and his codefendant led police on a car chase in which they drove at high speeds in the wrong direction on a service road. *Id.* at ¶ 14. The serious nature of this offense weighs heavily against release. *United States v. Martinez*, 832 F. App'x 906 (5th Cir. 2021) (per curiam) (finding that it was "not unreasonable for [a] court to place greater weight on the seriousness of [the] offense, including the fact that a dangerous weapon was involved in the criminal activity" when it denied compassionate release).

Applying the § 3553(a) factors, several weigh against a sentence reduction. Of note, Section 3553(a)(1) considers the nature and circumstances of the offense, and, as recounted, the violent nature of the offense weighs against a sentence reduction.

Section 3553(a)(2) considers the need for the sentence imposed: (A) to reflect the seriousness of the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Here, the Court already considered those factors in determining that 144 months was an adequate, but not unnecessarily long, sentence. Releasing Robinson

now, approximately two years before his anticipated release date, would not reflect the seriousness of the offense, promote respect for the rule of law, or provide just punishment for the offense.

In sum, the § 3553(a) factors weigh against a sentence reduction. *See, e.g, United States v. Samak*, 832 F. App'x 330, 331 (5th Cir. 2020) (per curiam) ("In denying Samak's motion, the district court considered the § 3553(a) factors, specifically citing the nature of Samak's offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct. Samak has failed to show that the district court's decision was based on an error of law or a clearly erroneous assessment of the evidence. *See Chambliss*, 948 F.3d at 693-94. Although, as in *Chambliss*, Samak may disagree with how the district balanced the § 3553(a) factors, his disagreement provides an insufficient ground for reversal. *See id.* at 694.").

**D.   The Court Cannot Order Robinson's Transfer to Home Confinement.**

In the alternative to a sentence reduction, Robinson asks the Court to be transferred to home confinement. Dkt. No. 267 at 4. But the Court cannot grant that relief. Although Congress has expanded the authority of the BOP to place federal prisoners in home confinement in connection with the COVID-19 pandemic, *see* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020) ("CARES Act"), the United States Court of

Appeals for the Fifth Circuit has held that this provision does not grant to courts the necessary power to order that a prisoner be placed in home confinement. *See Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020). So, Robinson's request to be transferred to home confinement is denied.

## IV.   CONCLUSION

For the foregoing reasons, The Court **DENIES** Robinson's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 267] and **DENIES** his request for transfer to home confinement.

**SO ORDERED**

Signed October 3rd, 2023.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE